TOY LONG (CHAPMAN v.). See Case No. 2,610.

---

### Case No. 14,123.

#### TOY WILLIAM v. HALLETT.

[2 Sawy. 261.] [1]

Circuit Court, D. Oregon. Nov. 11, 1872.

PLEADING AT LAW—MOTION TO MAKE CERTAIN—ALLEGATION OF PERFORMANCE—CONTRACT TO FURNISH LABORERS.

1. T. W. agreed to furnish H. sixty-six or more men, at different rates of wages, to work upon the N. P. Railway for an indefinite time. In an action to recover a balance alleged to be due T. W. upon such contract, the plaintiff alleged that he had duly performed all the conditions thereof on his part: *Held*, on a motion to make more certain that the allegation was not sufficient, because the contract did not limit and settle what number

---

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

of men, or for what term the plaintiff was bound to furnish them, and therefore the averment was uncertain.

2. In an action upon such a contract it is not sufficient to allege that in pursuance thereof there became due the plaintiff a certain sum of money, but it must be alleged what amount of labor was furnished under the contract, and that there is due or became due therefor so much money.

3. Different breaches of same contract give rise to distinct causes of action.

[Cited in Broumel v. Rayner, 68 Md. 47, 11 Atl. 834.]

[This was an action by Toy William against J. L. Hallett to recover for the nonperformance of a contract.]

Charles B. Bellinger, for plaintiff.
Joseph N. Dolph, for defendant.

DEADY, District Judge. This is a motion to make the complaint more certain. The action is brought to recover a balance of $747.13, alleged to be due the plaintiff on a contract to furnish the defendant with laborers to work upon the North Pacific Railway; and for $116.28, damages alleged to have been sustained by the plaintiff by reason of the defendant's failure to furnish transportation for such laborers and their freight from their camp on said railway to Portland.

The complaint is upon an agreement dated June 18, 1872, between the plaintiff and defendant, whereby the former agreed to furnish the latter sixty-six, or more, Chinamen, in gangs of thirty working men, with one cook, water boy and interpreter to each gang, to work on the railway aforesaid, not exceeding three months. The working men, cooks and water boys were each to receive $30 per month, the interpreters $40, and the plaintiff as line boss was to receive $45 per month. The defendant was to furnish the plaintiff with passes over the railways and other lines of travel during the performance of the contract, and to pay all expense of taking said Chinamen from Roseburg to said railway and back again.

The complaint alleges that the plaintiff has duly performed all the conditions of said contract on his part, and that in pursuance of said contract there became due and owing him from defendant $4,317.64, of which sum $747.13 is still due and unpaid. In pleading the performance of conditions precedent, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the condition on his part. Or. Code [Gen. Laws 1845–64] p. 160. This is the general rule. But where the condition precedent is not definitely limited and settled in the contract, in the nature of things it cannot apply. In such a case there are no conditions precedent in the contract.

The written contract upon which the plaintiff complains in this case, provides that he shall furnish sixty-six or more laborers to the defendant. Now an averment that he

has performed this stipulation, amounts to nothing more than he furnished sixty-six or more laborers. Such an allegation is uncertain, unless it be construed to mean that he furnished sixty-six laborers and no more, as probably it should be, if issue were taken upon it. The allegation should be that the plaintiff, in pursuance of the contract, furnished so many men, or so many months' or days' labor. Again, no time is specified in the contract, in which the plaintiff is to furnish any number of laborers. True, it contains a stipulation that the defendant will return the laborers to Roseburg within three months from its date. But this is not an agreement by which the plaintiff became bound to furnish, and the defendant to pay for any number of laborers for the period of three months. This is another reason, why in this case a general averment of performance is insufficient.

Nor is it sufficient to allege that in pursuance of this contract, there became due the plaintiff a certain sum of money. If any money became due the plaintiff, it was in consequence of the furnishing by him of certain laborers to the defendant at a certain price per month, under the circumstances mentioned in the contract. Besides the price agreed upon varies—so much per month for common men, cooks and waiter boys, and so much for interpreters, and another sum for the plaintiff. In all these respects, the complaint is uncertain, so much so, that the defendant is not advised thereby as he should be, what number of months or days the plaintiff claims to have furnished labor worth $30, $40 and $45 per month, respectively. Of course, it is not necessary to specify the names of the laborers or the number of days' work each one did; the aggregate time of each class furnished is sufficient. In these respects the motion is allowed.

The complaint also contains an allegation numbered 5, in which damages are claimed for what is alleged "for a further breach of defendant's said contract," in failing to furnish transportation for the said laborers and their freight, as aforesaid. This is substantially a separate cause of action from that arising out of the alleged non-payment of the laborers'· wages, and should have been so pleaded. Oh Chow v. Hallett [Case No. 10,-469]. But this defect can only be reached by a motion to strike out.

The allegation is sufficiently certain, to enable the plaintiff to recover damages. If he has suffered any special damage by reason of the defendant's failure in this respect, as that he was required to pay such transportation himself, the facts must be alleged. Oh Chow v. Hallett, supra.